NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PERNIX FEDERAL, LLC,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2024-2327

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00751-AOB, Judge Armando O. Bonilla.

---

Decided: July 2, 2026

---

JOHN HOWELL, Halloran & Sage, Washington, DC, argued for plaintiff-appellant. Also represented by JOHN RANDOLPH MACPHERSON.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI, BRETT SHUMATE.

---

Before REYNA, CHEN, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

Pernix Federal, LLC appeals from a decision of the United States Court of Federal Claims concerning the United States Department of State's procurement for the construction of a new consulate facility in Adana, Türkiye. Because the underlying dispute between the parties is moot, we lack jurisdiction over Pernix Federal's claims.

## BACKGROUND

At the heart of this dispute is Pernix Federal's contention that the State Department improperly disqualified Pernix Federal from participating in the procurement for the Adana consulate project. Specifically, the State Department determined that Pernix Federal—as a stand-alone entity—was not eligible for the award because Pernix Federal had prequalified for the procurement as a de facto joint venture, the procurement required de facto joint ventures to be separately registered in the System for Award Management (SAM), and the joint venture was not so registered. In response, Pernix Federal filed a bid protest at the Court of Federal Claims, alleging that the State Department's actions and determination were arbitrary, capricious, and an abuse of discretion. The Court of Federal Claims thereafter issued the Bench Ruling Decision that is the subject of this appeal. In that decision, the Court of Federal Claims determined that (1) Pernix Federal's arguments related to the SAM registration requirement were waived, and (2) the State Department did not act arbitrarily or capriciously in declining to restore Pernix Federal as a stand-alone entity to the competition because it could not on its own meet the project's eligibility criteria.

Pernix Federal appealed the Court of Federal Claims' decision to this court. While this appeal was pending, the Government moved to dismiss the appeal as moot because

the State Department terminated the Adana consulate project in full, including canceling the contract underlying Pernix Federal's bid protest.  Pernix Federal's appeal and the Government's motion to dismiss are now before us.

## DISCUSSION

"On appeal, . . . a case becomes moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *ABS Glob., Inc. v. Cytonome/ST, LLC*, 984 F.3d 1017, 1020 (Fed. Cir. 2021) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). A "case remains live [a]s long as the parties have a concrete interest, however small, in the outcome of the litigation." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 295 (2023) (alteration in original) (quotation marks omitted) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)); *Chafin*, 568 U.S. at 172 ("[T]he parties must 'continue to have a "personal stake"' in the ultimate disposition of the lawsuit." (citation omitted)).

We conclude that Pernix Federal no longer has an interest in the procurement for the Adana consulate.  The State Department sent a Diplomatic Note to the Ministry of Foreign Affairs of the Republic of Türkiye explaining that the project has been "officially terminated by the United States Government," which "will no longer proceed with the current construction of the [New Consulate Compound]."  SAppx 1.[1]  The Government reiterated this point at oral argument, emphasizing that the Diplomatic Note represents the position of the United States Government and explaining that there is no plan to build a new consulate in Türkiye at this time.  Oral Arg. at 20:50–23:22, https://www.cafc.uscourts.gov/oral-arguments/24-

---

[1]    We refer to the Supplemental Appendix filed with the Government's motion to dismiss as "SAppx" throughout this opinion.  *See* ECF No. 85.

2327_06082026.mp3.  Given the cancellation of the project, Pernix Federal has no interest in any contract for this project.  And any future solicitation for such a project would not include the eligibility question at issue here because the State Department has removed language referring to de facto joint ventures from its procurement regulations.  Appellee's Br. 5–6; ECF No. 91 at 4.

But that does not end the mootness inquiry.  An offeror may have a concrete interest in the outcome of a bid protest when seeking bid preparation and proposal costs.  28 U.S.C. § 1491(b)(2) ("[T]he courts may award any relief that the court considers proper, including declaratory and injunctive relief except that any monetary relief *shall be limited to bid preparation and proposal costs*." (emphasis added)); *see also Mitchco Int'l, Inc. v. United States*, 26 F.4th 1373, 1379–80 (Fed. Cir. 2022).  In this case, however, Pernix Federal lacks any such concrete interest.  Pernix Federal did not seek recovery of its bid preparation and proposal costs below nor on appeal.  *See* J.A. 56–57; Appellant's Br. 55; *see also* Reply Br. 20–21.

At best, Pernix Federal asserts that it is entitled to a $1.5 million stipend that was to be provided to "pre-qualified Offerors that do not receive the . . . contract award" "[t]o offset some of the cost of site visits and costs of developing a design."  SAppx 24; ECF No. 88 at 2–3.  However, Pernix Federal concedes that it has not sought the payment of the stipend in this appeal and would need to file a certified claim under the Contracts Disputes Act to recover that stipend if the State Department declines to pay it.  Oral Arg. at 0:45–3:52, 8:01–10:18.  As a result, Pernix Federal is without a concrete interest in the outcome of this case and the appeal is moot.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (noting that we do not decide cases for the sole purpose of "advising what the law would be upon a hypothetical state of facts" (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41 (1937))).

Still, Pernix Federal contends that "[j]udicial economy will be served by adjudicating this appeal rather than deeming it moot." ECF No. 88 at 2; *see also* Oral Arg. at 7:32–7:51. We are not persuaded. The basis of Pernix Federal's argument is that it will have to litigate the same issue presented in this appeal—whether Pernix Federal was legitimately prequalified as a standalone entity and eligible to receive the contract award—in an independent and as-of-yet-unfiled action over the stipend. ECF No. 88 at 3; *see also* Oral Arg. at 7:32–7:51. However, counsel for the Government clearly explained that "the dispute over the unpaid stipend has nothing to do with the eligibility determination at issue here." Oral Arg. at 17:11–18:21. Indeed, the Government helpfully clarified that "the State Department . . . authorized [counsel for the Government] to state, concretely, that there will not be a decision that the eligibility determination is the basis for nonpayment of the stipend." Oral Arg. at 18:21–20:25. Thus, we reject Pernix's argument and conclude that the appeal before us is moot and judicial economy will not be served by adjudicating this appeal.

Because the Government canceled the underlying contract, "[u]nder *Munsingwear* . . . , the proper disposition of this appeal is vacatur" of the Court of Federal Claims' decision "and remand with a direction to dismiss [Pernix Federal's] complaint" as moot. *Elec. Data Sys. Corp. v. Rice*, 988 F.2d 128, 128 (Fed. Cir. 1992) (unpublished table decision) (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)); *see Alvarez v. Smith*, 558 U.S. 87, 97 (2009) (explaining that the "ordinary practice" of vacatur applies except where mootness is the result "of voluntary forfeiture of a legal remedy" (cleaned up) (citing *Munsingwear*, 340 U.S. at 40)); *see also U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24 (1994). The Supreme Court has explained that "[v]acatur is in order when mootness occurs through happenstance—circumstances not attributable to the parties—or, relevant here, the 'unilateral action

of the party who prevailed in the lower court.'" *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71–72 (1997) (quoting *Bancorp*, 513 U.S. at 23). And that is only fair. "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance" or the "unilateral action of the party who prevailed below" "ought not in fairness be forced to acquiesce in the judgment." *Bancorp*, 513 U.S. at 25. Vacatur avoids this unfairness because it "'clears the path for future relitigation' by eliminating a judgment the loser was stopped from opposing on direct review." *Arizonans*, 520 U.S. at 71.

Because the State Department took unilateral action to moot this appeal, this case "falls squarely within the Court's established practice" of "vacat[ing] the judgment below and remand[ing] with a direction to dismiss." *See Azar v. Garza*, 584 U.S. 726, 729 (2018) (quoting *Munsingwear*, 340 U.S. at 39); *see also Great W. Sugar Co. v. Nelson*, 442 U.S. 92, 93 (1979) (holding that vacatur is "the *duty* of the appellate court" (quoting *Duke Power Co. v. Greenwood Cnty.*, 299 U.S. 259, 267 (1936))). Vacatur, therefore, is appropriate.

## CONCLUSION

For the foregoing reasons, the Government's motion to dismiss this appeal is granted. The judgment of the Court of Federal Claims is vacated, and the case is remanded for the Court of Federal Claims to dismiss Pernix Federal's complaint.

**DISMISSED, VACATED, AND REMANDED**

### COSTS

No costs.